IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                                 CRIMINAL NO. 3:01-00100
                                                   (CIVIL ACTION NO. 3:04-0779)

FORREST EANS,

        Movant.

## FINDINGS AND RECOMMENDATION

On July 9, 2001, following his plea of guilty to a charge of possession more than five grams of cocaine base with intent to distribute the same, in violation of 21 U.S.C. §841(a)(1), Forrest Eans was sentenced by the Court to a term of imprisonment of 135 months to be followed by five years supervised release. Eans did not appeal his conviction. On July 28, 2004, he filed a letter with the Court, which has been treated as a motion filed under the provisions of 28 U.S.C. §2255, in which he asserts a right to relief in reliance on the Court's decision in <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 296 (2004).[1] Inasmuch as "it plainly appears from the face of the motion ... and the prior proceedings in the case that the movant is not entitled to relief,"[2] dismissal without requiring a response from the United States is appropriate in this case.

---

[1] Eans' motion was filed prior to the Court's decision in <u>United States</u> v. <u>Booker</u>, 543 U.S. 220 (2005); however, he cited and relied upon <u>Booker</u> in a subsequently filed "Motion to Correct Enhanced Sentence."

[2] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Section 2255 motions are subject to a one-year statute of limitations which generally begins to run on the date "a judgment of conviction becomes final."  In this case, movant's conviction became final in 2001 as a consequence of his decision not to seek an appeal.  While §2255 does provide for restarting the limitation period when the Supreme Court has announced a new rule that is "made retroactively applicable to cases on collateral review," in its decision in Booker, the Court expressly applied its holding only to cases on direct appeal and the Court of Appeals for the Fourth Circuit has concluded that "Booker does not apply retroactively to cases on collateral review."  United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005).  In light of the fact that Booker is not applicable in this collateral proceeding, there is no basis for concluding that the one-year period of limitation began to run any later than July 26, 2001, the date on which movant's conviction became final.  Eans' motion is, as a consequence, barred by section 2255's statute of limitations.

**RECOMMENDATION**

It being apparent that the motion filed by Eans is untimely by reason of the applicable statute of limitation,  it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of  these Findings and Recommendation will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases,  the parties may, within thirteen days of the date of filing these Findings and

Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Goodwin and this Magistrate Judge.

       The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: August 29, 2007

_/s/ Maurice G. Taylor, Jr._
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

3